UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUFUS A. THOMPSON, III,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Criminal Case Number 01-00116
Civil Case Number 16-01452
Honorable David M. Lawson

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

The petitioner filed a motion under 28 U.S.C. § 2255 on June 20, 2016. On January 18, 2018, the Court entered an order dismissing the petition with prejudice, because the Sixth Circuit Court of Appeals had denied leave for the petitioner to proceed with the instant petition, which was a second or successive motion under section 2255.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of*

*Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate the Court's conclusion that the petition must be dismissed because the petitioner was denied leave to proceed with a second or successive challenge to his conviction and sentence under section 2255.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge
Sitting by special designation

Dated: January 18, 2018